IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK17-40497 |
| | ) | |
| HOOK CATTLE AND FARMS, LLC, | ) | CHAPTER 12 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on February 14, 2018, on the Debtor's amended Chapter 12 plan filed on December 15, 2017 (Fil. #118), with objections by creditors Banner Capital Bank (Fil. #119) and Western Cooperative Company (Fil. #123). John C. Hahn appeared for the Debtor; Philip M. Kelly appeared for Banner Capital Bank; Adam A. Hoesing appeared for Western Cooperative Company; Brandon R. Tomjack appeared for Deere & Company; and James A. Overcash, the Chapter 12 trustee, appeared on his own behalf. Evidence and briefs were received, and this matter is now ready for decision. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

At the hearing, the parties advised that the objections by Banner Capital Bank were settled, as were all of Western Cooperative Company's ("Westco") objections, with one exception. The remaining objection by Westco is that the plan unfairly discriminates within the unsecured creditor class. Specifically, Westco asserts that the plan proposes to pay an under-secured creditor (including the unsecured portion of its claim) in full while providing for minimal payments to the remainder of the unsecured class, including Westco.

11 U.S.C. § 1222(a)(3) provides that "if the plan classifies claims and interests, [the plan shall] provide the same treatment for each claim or interest within a particular class unless the holder of a particular claim or interest agrees to less favorable treatment." Further, § 1222(b)(1) provides that the plan may "designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated . . . ."

Creditor Deere & Company, d/b/a John Deere Financial ("Deere"), timely filed a proof of claim (Claim #5-1) asserting a secured claim in the amount of $56,900.00 and an unsecured claim in the amount of $7,219.67. The claim further asserts an annual interest rate at the time the case was filed in the amount of 3.45%. The collateral for the claim is a tractor and accessories. No objections have been filed to Deere's proof of claim, and it constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Accordingly, for purposes of this proceeding, Deere has both a secured claim and an unsecured claim.

On August 21, 2017, Deere filed a motion for relief from the automatic stay (Fil. #66) asserting, among other things, that the Debtor had no equity in the tractor since its value was approximately $56,900.00 and the debt at the time of the bankruptcy was in excess of $64,000.00. Deere also asserted that its interest in its collateral was not adequately protected. Deere's motion was settled and a stipulation (Fil. #99) was filed. The stipulation provided for monthly adequate protection payments to be paid to Deere and also provided that any Chapter 12 plan of reorganization shall

provide for full payment of the entire indebtedness owed to Deere at the contract interest rate of 3.45% amortized over five annual payments. The stipulation was approved by the court (Fil. #108) after expiration of the resistance period. Subsequently, the Debtor filed its amended Chapter 12 plan (Fil. #118) that is at issue.

Under the terms of the proposed amended plan, Westco is to be treated as an unsecured creditor. Deere is to be treated as a fully secured creditor for the total amount of its indebtedness (both secured and under-secured set forth in its proof of claim). Westco objects, arguing that by paying the unsecured portion of Deere's claim in full, along with its secured claim, the Debtor is discriminating unfairly against Westco. Westco and other general unsecured creditors will be paid only a small fraction of their total claim amounts. Westco argues that this is the very type of unfair treatment that §§ 1222(a)(3) and 1222(b)(1) were intended to prevent.

In response, the Debtor argues that discrimination amongst members of the unsecured creditors class is allowed as long as the discrimination is not "unfair." Whether discrimination is unfair has been subjected to a four-part test: "(1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination." *Mickelson v. Leser (In re Leser)*, 939 F.2d 669, 672 (8th Cir. 1991).

In support of confirmation, the Debtor submitted the declaration of Jeremy Kuklish (Fil. #127), the principal of the Debtor. Mr. Kuklish asserts that there is a question as to the actual value of the tractor, apparently implying that it could be worth the total indebtedness amount, despite the fact that the Debtor valued it in its schedules at $45,000.00 and Deere valued it at $56,900.00. Either number is substantially less than the total indebtedness owed to Deere. Mr. Kuklish also pointed out that "[t]he John Deere 8210 tractor is need[ed] for the continued operation of the business." There is no further elaboration regarding the use of the tractor, nor does the fact that the tractor is needed for operation of the business explain why the Debtor should pay the tractor debt in full, rather than simply the secured portion of that debt. Finally, there is some discussion regarding the release of Jeremy Kuklish from personal liability on any deficiency, but that appears to pertain to a different credit agreement and different collateral of Deere that was surrendered. There is nothing in the stipulation with respect to Deere's Claim #5-1 with respect to any deficiency.

The Debtor has the burden of proof regarding confirmation of a Chapter 12 plan. *United States v. Krause (In re Krause)*, 261 B.R. 218, 222 (B.A.P. 8th Cir. 2001). Here, the evidence presented by the Debtor in support of the preferential treatment of Deere is insufficient to establish that the discrimination is not unfair. Even by the terms of Deere's own proof of claim, Deere's claim is subject to bifurcation under § 506. If the Debtor submitted a plan that properly provides for the payment of the secured portion of that claim, there is no obvious basis for relief from the automatic stay to Deere – with the sole exception of the existence of the stipulation. In short, there does not appear to be any reasonable basis for the discrimination, and Debtor has failed to meet any of the elements of the four-part test espoused by the Eighth Circuit in *Leser*.

The court recognizes that it did approve the stipulation between Deere and the Debtor. However, that order simply approved an agreement between Deere and the Debtor, and certainly was

not advance approval of the Debtor's plan as to the treatment of all other creditors. In fact, the Debtor's plan was subsequently modified. Despite the stipulation, Debtor is still obligated to comply with the requirements of § 1222.

IT IS ORDERED: The objection to confirmation by Westco (Fil. #123) is sustained. The Debtor's plan is not confirmed. The Debtor shall file an amended plan by March 30, 2018.

DATED: March 8, 2018.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *John C. Hahn
    Philip M. Kelly
    Adam A. Hoesing
    Brandon R. Tomjack
    James A. Overcash
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.